# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **BRIAN C. GREGG,** | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § Civil No.: 4:20-cv-873-ALM-KPJ |
| **RICHARD E. ANDERSON,** | § |
| **DAVID GARVIN, JACK BECKMAN,** | § |
| **MICHELLE SCHWARTZ,** | § |
| **KELLY GODDARD, RAY VELA,** | § |
| **OR CESAR DELAGARZA,** | § |
| **SUBSTITUTE TRUSTEES; AND** | § |
| **SERVIS ONE, DOING BUSINESS AS** | § |
| **BSI FINANCIAL SERVICES, INC.; AND** | § |
| **U.S. BANK TRUST NATIONAL** | § |
| **ASSOCIATION, TRUSTEE OF THE** | § |
| **CABANA SERIES III TRUST,** | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is pro se Plaintiff' Brian C. Gregg's Emergency Application for Temporary Restraining Order and Plaintiff's Verified Original Complaint, Motion for Remand and Application for Temporary Injunction (the "Application") (Dkt. 6), to which Defendant U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust ("U.S. Bank") filed a response (Dkt. 10). Having considered the Application, response, and argument from the parties, the Court finds that Plaintiff's Motion is **DENIED**.

### I.  BACKGROUND

This action concerns the foreclosure of the real property located at 4541 Hitching Post Lane, Plano, Texas 75024 (the "Property"). *See* Dkt. 10 at 1. U.S. Bank foreclosed on the Property

on November 3, 2020. *See id.* at 1–2. As confirmed at the Hearing, Plaintiff continues to reside in the Property, and U.S. Bank has not begun eviction proceedings. *See id.* at 2.

On October 28, 2020, Plaintiff sought and obtained an *ex parte* temporary restraining order ("TRO") in the 429th Judicial District Court of Collin County, to stop a November 3, 2020, foreclosure on the Property. *See* Dkt. 2-6 at 2. The TRO named U.S. Bank and eight (8) other Defendants.[1] *See id.* On October 30, 2020, U.S. Bank moved to dissolve the TRO and the state court granted the motion on November 2, 2020. *See id.* at 64. That same day, Plaintiff moved for a second TRO, but the state court denied the request. *See id.* at 66. The next day, November 3, 2020, Plaintiff filed a Motion for Rehearing and Reconsideration of Order Denying Temporary Restraining Order and an Amended Motion for Rehearing and Reconsideration of Order Denying Temporary Restraining Order. *See* Dkt. 2-3.

The foreclosure sale on the Property occurred on November 3, 2020. *See* Dkt. 8-1. This action was removed by U.S. Bank on November 10, 2020. The Court held a hearing on the Application on December 7, 2020 (the "Hearing"). *See* Dkt. 24. At the Hearing, the parties consented on the record to proceed before the undersigned for consideration of the Application.

## II. LEGAL STANDARD

Plaintiff asks the Court to issue both TRO and a preliminary injunction. *See* Dkt. 6 at 1. In the Fifth Circuit, there are four prerequisites for obtaining the extraordinary relief of a TRO and/or a preliminary injunction. To prevail, the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might

---

[1] Service has not been made on any of the eight (8) non-appearing Defendants. Plaintiff claims, erroneously, that service has been completed because he mailed and emailed the pleading to named Defendant Richard Anderson, who Plaintiff alleges is counsel for all the named Defendants.

cause the defendant; and (4) that the injunction will not disserve the public interest. *See Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Plaintiff bears the burden to prove all four requirements in order to be entitled to injunctive relief. *Palmer*, 579 F.3d at 506. The denial of a TRO and/or preliminary injunction will be upheld where the movant has failed to sufficiently establish any one of the four criteria. *Black Fire Fighters Ass'n v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990).

Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *See Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Indeed, courts in the Fifth Circuit have made clear that TROs and preliminary injunctions constitute "extraordinary and drastic remed[ies]," which are "not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *see also Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999) ("Temporary restraining orders and preliminary injunctions are extraordinary relief and rarely issued.").

### III.   ANALYSIS

Plaintiff asks that the Court restrain Defendants from "taking or selling in any fashion, or taking possession of the [Property] during the pendency of this cause, or from otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the [Property]." Dkt. 6 at 24. Plaintiff also requests that he not be required to post a bond for the TRO or other injunctive relief. *See id.* Finally, Plaintiff asks that the sale of the Property be set aside. *See id.*

The Court focuses on the factors most clearly at issue in the present matter: (1) substantial likelihood of success on the merits, and (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied. *See Palmer*, 579 F.3d at 506.

### A. LIKELIHOOD OF SUCCESS

Plaintiff asserts causes of action for breach of contract and duty of good faith, wrongful foreclosure, denial of due process, constitutional cause for fraud, and unjust enrichment. *See* Dkt. 4 at 11–22. Plaintiff has not demonstrated that he is likely to be successful on his claims. Plaintiff does not deny that he has not made mortgage payments since sometime between 2014 and 2016 and does not deny that he cannot pay the amount due under the mortgage such that he would be capable of sustaining a contractual action. *See* Dkt. 6-1 at 2.

U.S. Bank argues that Plaintiff's claim for wrongful foreclosure is barred by *res judicata*. *See* Dkt. 10 at 6. Plaintiff appears to have previously litigated the issue of U.S. Banks' authority to foreclose on the Property's loan (the "Loan") and whether there was fraud with respect to the Loan documents in *Brian C. Gregg and Sharon H. Gregg v. Select Portfolio Servicing, Inc., Citibank N.A. as Trustee on behalf of the NRZ Pass-Through Trust VI; Servis One, Inc. d/b/a BSI Financial Services, Inc, and U.S. Bank Trust, N.A.as Trustee of the Chalet Properties III, LLC.*, Civil Action No. 4:18-cv-00803-ALM-CAN.[2] In that case, Plaintiff's argument that U.S. Bank was not entitled to pursue non-judicial foreclosure was dismissed. *See* Dkt. 8-2, 8-3, 8-4, 8-5.

"The preclusive effect of a prior federal court judgment is controlled by federal *res judicata* rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). Determining the *res judicata* effect of a prior judgment is a question of law. *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013). The Fifth Circuit has explained the doctrine of res judicata as follows:

---

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the filings in Civil Action No. 4:18-cv-00803-ALM-CAN.

> The term "*res judicata*" is often used to describe two discrete preclusive doctrines: *res judicata* and collateral estoppel. These doctrines relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. Under the doctrine of *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. The bar prevents relitigation of all issues that were or could have been raised in the previous action. In contrast, under the doctrine of collateral estoppel, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

*U.S. v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007) (internal citations, quotations, and alterations omitted).

*Res judicata* applies when: (1) the parties in the prior and the present suit are identical; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was final and on the merits; and (4) the plaintiff raised the same claim or cause of action in both suits. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). "If the cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (internal citations and alterations omitted). Plaintiff has not demonstrated that *res judicata* does not apply, and thus, is unlikely to be successful on his wrongful foreclosure claim.

Plaintiff states that his fraud claim is only asserted "conditionally in order to preserve his right to raise it on appeal if Defendants fail to support with credible evidence of their legitimate acquisition of the Deed of Trust and its power of sale." Dkt. 6 at 22. Thus, it appears Plaintiff is not asserting a fraud claim at the present time.

Finally, U.S. Bank highlights that the presence of a controlling contract between the parties is inconsistent with Plaintiff's unjust enrichment claim. *See* Dkt. 10 at 6. There can be no recovery under an equitable theory such as unjust enrichment where the parties are bound by their express agreements under a contract. *See Dempsey v. U.S. Bank Nat.,* No. 4:10-cv-679, 2012 WL 2036434, at *6 (E.D. Tex. June 6, 2012). Plaintiff is, therefore, also unlikely to succeed on his unjust enrichment claim.

### B. IRREPABLE INJURY

U.S. Bank argues there is not irreparable injury at issue, only, at most, entitlement to monetary damages. *See* Dkt. 10 at 8. Plaintiff asserts that if the Court does not set aside the sale of the Property during this case, he will lose his net equity in the Property, as well as possession of the Property. *See* Dkt. 6 at 14. Plaintiff fails to demonstrate an irreparable injury, never stating why he could not be made whole through monetary damages, particularly with regards to the possibility of loss of net equity in the Property. *See Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) ("[A]n injury is irreparable only 'if it cannot be undone through monetary remedies.'") (quoting *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984)); *see also, ADT, LLC v. Capital Connect, Inc.*, 145 F. Supp. 3d 671, 697 (N.D. Tex. 2015) ("A party sufficiently proves that monetary damages are not adequate when it brings forward evidence, in the form of affidavits, declarations, or any other support, that shows imminent harm that is difficult to quantify.").

As to setting aside the sale of the Property, under Texas law, "[t]ender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession of the property and claims title under a void foreclosure sale." *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ

ref'd n.r.e.) (citing *Willoughby v. Jones*, 251 S.W.2d 508, 510 (Tex. 1952)); *see also Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835–36 (Tex. App.—Fort Worth 1999, pet. denied) (finding that a mortgagor seeking rescission of a trustee sale was not entitled to the equitable remedy because he failed to make a valid tender of the amount due). Here, there is no evidence Plaintiff has tendered the full amount due. Plaintiff contends that his only source of income is Social Security benefits of $3,500.00 a month, and his resources have been "mostly depleted." Dkt. 6-1 at 2. It appears Plaintiff has failed to tender the amount owed on his mortgage debt and is incapable of tendering the amount. Plaintiff is not, therefore, eligible for the equitable relief to set aside the sale of the Property.

As to possession, Plaintiff has an adequate remedy at law available to him in the form of a forcible entry and detainer action if U.S. Bank files against him. In any regard, the Court does not have jurisdiction to intervene in state court proceedings on the issue of possession, if such issue arises, where there is no title dispute. *See Green v. Bank of Am. N.A.*, No. H-13-1092, 2013 WL 2417916, at *1 (S.D. Tex. June 4, 2013); *Knoles v. Wells Fargo Bank, N.A.*, 513 Fed.Appx. 414, 415 (5th Cir. 2013); *Mesa v. Wells Fargo Bank, N.A.*, No. 4:17-CV-532-ALM-CAN, 2017 WL 9285517, at *2 (E.D. Tex. Sept. 1, 2017), *report and recommendation adopted*, No. 4:17-CV-532, 2017 WL 3940534 (E.D. Tex. Sept. 8, 2017).

In *Midway CC Venture I, LP v. O&V Venture, LLC*, a Texas Appellate Court explained the present issue directly:

> Whether the landlord has already instituted an eviction action in justice court before the district court's injunction, or whether the landlord has been prevented from instituting an eviction action in justice court by the district court's injunction, is irrelevant. The reasoning behind [*McGlothin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984)] is the same in both situations. The district court cannot interfere with or prohibit the justice court from exercising its exclusive jurisdiction over evictions, absent a dispute as to title.

7

527 S.W.3d 531, 535-536 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

The loss at issue is monetary in nature for the issues before the Court, therefore, and the issue of possession is beyond the jurisdiction of this Court. Further, U.S. Bank has not initiated eviction proceedings at this time and, therefore, there is no current threat hinging on denial of the TRO.

### C. PLAINTIFF'S FAILURE TO MEET HIS BURDEN

As previously stated, Plaintiff bears the burden to prove all four requirements in order to be entitled to injunctive relief. *Palmer*, 579 F.3d at 506. The denial of a preliminary injunction or TRO will be upheld where the movant has failed to sufficiently establish any one of the four criteria. *Black Fire Fighters Ass'n*, 905 F.2d at 65. Here, Plaintiff fails to demonstrate he is likely to succeed on the merits of his claims and there a substantial threat that he will suffer irreparable injury if the TRO and injunction are denied. Plaintiff, therefore, has failed to satisfy the burden for granting a TRO and/or injunction based upon the facts of this case. *See Barton v. Huerta*, 613 F. App'x 426, 427 (5th Cir. 2015) ("[F]ailure to succeed on any one of the elements results in denial of injunctive relief.").

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Emergency Application for Temporary Restraining Order and Plaintiff's Verified Original Complaint, Motion for Remand and Application for Temporary Injunction (Dkt. 6) is **DENIED**.

**So ORDERED and SIGNED this 11th day of December, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE